UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**,

       Plaintiff,

v.                                                      Case No. _____

**AMERITECH ENERGY CORPORATION,**

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, United States of America, hereby brings this action against Defendant to recover civil money penalties for Defendant's failure to comply with requests and/or administrative summons by Customs for documents and information regarding goods imported by Defendant, and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action under 19 U.S.C. § 1509 and 19 C.F.R. § 163.6 to recover civil penalties assessed thereunder.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

3. This Court has jurisdiction over the Defendants, as Ameritech Energy Corporation ("Ameritech") conducted and conducts business within this District, and the underlying penalties sought to be collected herein were assessed based on

Ameritech's failure to comply with requests for documents and information, including entry summary records, within this District.

4. Venue is appropriate within this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1395(a).

5. Pursuant to Local Rules 1.04(a), (b), Local Rules, Middle District of Florida, this action is appropriately brought in the Jacksonville Division of this Court, as the imports in question entered through the Port of Jacksonville, Florida.

## PLAINTIFF

6. Plaintiff is the United States of America, on behalf of the Department of Homeland Security ("DHS"), U.S. Customs and Border Protection (hereinafter "CBP" or "Customs"). CBP is the component of DHS charged with regulating the imports and exports of merchandise across U.S. international borders.

7. Pursuant to 19 U.S.C. § 1509(a) and 19 C.F.R. § 163.6(a), entry summary records are required to be maintained by importers like Ameritech and must be produced to CBP upon request. Such importers must produce the requested documents and information within thirty days of CBP's demand.

8. Pursuant to 19 U.S.C. § 1509(g) and 19 C.F.R. § 163.6(b), CBP may impose penalties on an importer for failing to produce records after an Agency request. If the failure to comply is the result of the willful failure to produce the record, an importer is subject to a penalty for each release of merchandise, not to exceed $100,000.00, or an amount equal to 75 percent of the appraised value of the merchandise, whichever amount is less. If the failure to comply is the result of

negligence, an importer is subject to a penalty for each release of merchandise, not to exceed $10,000.00, or an amount equal to 40 percent of the appraised value of the merchandise, whichever amount is less.

9. Pursuant to 19 U.S.C. § 1509 of the Act, the United States is authorized to bring this civil action to recover unpaid civil penalties.

## DEFENDANT

10. Defendant Ameritech was incorporated in 2014 and, at all times relevant to this action, was an active Florida corporation doing business in this District.

## FACTUAL BACKGROUND

11. At all relevant times, Ameritech was an importer of commercial entries, including through the Port of Jacksonville, Florida. Prior to importation of the entries involved in this action, and dating back to as early as 2015, Ameritech imported over 70 entries into the United States, collectively valued at over $1,500,000.00.

12. As part of the importation process, importers like Ameritech file entries using CBP's Automated Commercial Environment ("ACE") system. This system is also how CBP issues Requests for Information and Notices of Action, per Agency policy.

13. In calendar years 2019 and 2020, Ameritech imported three (3) entries under numbers EAE-1663598, EAE-1697174, and EAE-1949096. These entries consisted of merchandise of an unknown nature, with entered values of $103,079.00,

$31,643.00, and $31,800.00, respectively.

14. Ameritech was the importer of record for these entries, which were made through the port of Jacksonville, Florida. The formal entries filed by Ameritech failed to identify the items being imported, including such information as would be reflected in a commercial invoice and/or other similar documents.

15. On or about May 26, 2020, pursuant to 19 U.S.C. § 1509(a) and Agency policy, CBP served Requests for Information ("RFI") upon Ameritech using CBP Form 28 via the ACE system as to each of the three entries, requiring answers to the following questions:

   a. Are you related in any way to the seller of this merchandise? If you are related, please describe the relationship, and explain how this relationship affects the price paid or payable to the merchandise;

   b. Identify and give details of any additional costs/expenses incurred in this transaction, such as packing, commissions, proceeds that accrue to the seller, assists, and royalties and/or license fees.

See Exhibit A.

16. As to each of the three entries, those RFIs also required the production of the following documents:

   a. Copy of contract (or purchase order and seller's confirmation thereof) covering this transaction, and any revisions thereto;

    b. Descriptive or illustrative literature or information explaining what the merchandise is, where and how it is used, and exactly how it operates;

    c. Breakdown of components, materials, or ingredients by weight and the actual cost of the components at the time of assembly into the finished article; and

    d. A complete entry summary package, including a commercial invoice and detailed product information for the merchandise entered.

17. The records sought by those RFIs constitute records required by law or regulation for the entry of merchandise, including under 19 U.S.C. § 1509(a)(1)(A) and 19 C.F.R. § 163.1.

18. The Forms 28 required that the requested information and documents be produced to CBP within 30 days.

19. Ameritech failed to produce the required information and documents by June 25, 2020.

20. On or about June 26, 2020, pursuant to 19 U.S.C. § 1509(a) and Agency policy, CBP served a Notice of Action upon Ameritech using CBP Form 29 via the ACE system.

21. The Forms 29 provided Ameritech an additional twenty (20) days to comply with the initial RFIs for the three entries, and it informed Ameritech that, if it did not comply, the CBP would pursue penalties against it. See Exhibit B.

Ameritech failed to respond within twenty (20) days.

22. On or about November 24, 2020, CBP issued a pre-penalty notice to Ameritech informing it that Customs was contemplating issuance of a monetary penalty against it in the amount of $30,000.00, as a result of its failure to comply with these RFIs. See Exhibit C.

23. On or about January 22, 2021, Ameritech, by and through its attorney, submitted a written response to the pre-penalty notice, petitioning for cancellation of the penalty.

24. After reviewing of the pre-penalty response, on or about April 27, 2024, CBP denied that petition and proceeded with issuing a penalty of $10,000 for each entry violation, totaling $30,000.00, having determined a culpability level of negligence. See Exhibit D.

25. On or about May 4, 2024, in response to the penalty issued, Ameritech, by and through its attorney, submitted a petition for relief to remit or mitigate the penalty.

26. On or about May 30, 2024, CBP denied Ameritech's petition for relief, again finding the company acted with negligence in not responding the Requests for Information, and noting that Ameritech had imported many entries in the preceding years using the ACE system. CBP concluded that relief under the Small Business Regulatory Enforcement Fairness Act ("SBREFA") was not applicable to § 1509 penalties.

27. On or about July 17, 2024, Ameritech filed a supplemental petition and

included some documentation, however, the CBP found this documentation to be insufficient and, after reviewing the petition, decided that no relief was warranted.

28. CBP then issued Ameritech three (3) demands for payment for the $30,000.00 penalty, dated November 30, 2024, December 14, 2024, and December 28, 2024. See Exhibit E.

29. Ameritech has failed to pay any amount of any of the penalties issued against it.

30. In violation of 19 U.S.C. § 1509, Ameritech failed to produce the requested records related to their imports on or about May 28, 2019, June 28, 2019, and March 7, 2020.

31. To date, Ameritech has failed to pay any of the $30,000.00 penalty, despite having been served with demand for payment.

## COUNT I
### Penalty for Entry No. EAE-1663598

32. Plaintiff incorporates by reference the allegations of paragraphs 1-31 above as if more fully set forth herein.

33. This count is brought to collect unpaid civil penalties assessed and other amounts authorized by law.

34. On or about June 25, 2020, Ameritech failed to produce the required records of information and documents to the CBP relating to the entry imported on or about May 24, 2019, Entry No. EAE-1663598.

35. CBP timely notified Defendant in writing that a penalty of $10,000.00

would be assessed for the above-referenced violations.

36. Ameritech failed to pay such penalty and still has not provided CBP the necessary information and documentation.

37. By virtue of the foregoing, the United States is entitled to judgment in the amount of the unpaid civil penalties and other amounts as permitted by law.

## COUNT II
### Penalty for Entry No. EAE-1697174

38. Plaintiff incorporates by reference the allegations of paragraphs 1-31 above as if more fully set forth herein.

39. This count is brought to collect unpaid civil penalties assessed and other amounts as authorized by law.

40. On or about June 25, 2020, Ameritech failed to produce the required records of information and documents to the CBP relating to the entry imported on or about June 26, 2019, Entry No. EAE-1697174.

41. CBP timely notified Defendant in writing that a penalty of $10,000.00 would be assessed for the above-referenced violations.

42. Ameritech failed to pay such penalty and still has not provided CBP the necessary information and documentation.

43. By virtue of the foregoing, the United States is entitled to judgment in the amount of the unpaid civil penalties and other amounts as authorized by law.

## COUNT III
### Penalty for Entry No. EAE-1949096

44. Plaintiff incorporates by reference the allegations of paragraphs 1-31 above as if more fully set forth herein.

45. This count is brought to collect unpaid civil penalties assessed and other amounts as authorized by law.

46. On or about June 25, 2020, Ameritech failed to produce the required records of information and documents to the CBP relating to the entry imported on or about March 6, 2020, Entry No. EAE-1949096.

47. CBP timely notified Defendant in writing that a penalty of $10,000.00 would be assessed for the above-referenced violations.

48. Ameritech failed to pay such penalty and still has not provided CBP the necessary information and documentation.

49. By virtue of the foregoing, the United States is entitled to judgment in the amount of the unpaid civil penalties and other amounts as authorized by law.

/
/
/
/
/
/
/
/
/
/
/
/

**WHEREFORE**, the United States requests that the Court enter judgment against Defendant Ameritech, in the amount of $30,000.00 in unpaid civil penalties, plus interest from the date of judgment and all other costs as allowed by law, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**GREGORY W. KEHOE**
United States Attorney

By:   *s/ Charles T. Harden III*
Charles T. Harden III
Assistant United States Attorney
Lead Counsel for the United States
FBN: 97934
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Phone: 813-274-6096
Fax: 813-274-6200
E-Mail: charles.harden@usdoj.gov